UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'   JS-6

| Case No. | 2:15-cv-09990-CAS(FFMx) | Date | August 2, 2016 |
|---|---|---|---|
| Title | STEPHEN A. SCULLY, ET AL. V. CASHMAN EQUIPMENT COMPANY, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:** (IN CHAMBERS) - DEFENDANT CASHMAN EQUIPMENT COMPANY'S MOTION FOR SUMMARY JUDGMENT (Dkt. 19, filed June 23, 2016)

## I. INTRODUCTION

On November 30, 2015, plaintiff Stephen A. Scully ("Scully") filed this action in the Los Angeles County Superior Court against defendants Cashman Equipment Company ("Cashman") and Does 1 through 50 (collectively, "defendants"). Dkt. 1, Ex. A, Compl. Plaintiff asserts claims against defendants for: (1) unjust enrichment; and (2) violation of the California Unfair Competition Law ("UCL"), Cal. Bus & Prof. Code § 17200, *et seq.* Id. On December 30, 2015, defendants removed this action to this court on the basis of diversity jurisdiction. Dkt. 1. On June 8, 2016, Scully filed the operative First Amended Complaint in this action naming an additional plaintiff in this action, The Scully Family Trust (collectively with Scully, "plaintiffs"). Dkt. 18.

On June 23, 2016, defendant Cashman filed a motion for summary judgment. Dkt. 19. On July 5, 2016, plaintiffs filed an opposition, Dkt. 23, and on July 11, 2016, Cashman filed a reply, Dkt. 24. On July 20, 2016, plaintiffs filed a surreply. Dkt. 27. Cashman' motion is presently before the Court.

## II. BACKGROUND

Except where noted, the following facts are undisputed: On or about January 2012, plaintiff Scully was introduced to non-party Ronald Stover ("Stover"). Defendants' Statement of Undisputed Facts ("DSUF") ¶ 1; Plaintiffs' Statement of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:15-cv-09990-CAS(FFMx) | Date | August 2, 2016 |
|---|---|---|---|
| Title | STEPHEN A. SCULLY, ET AL. V. CASHMAN EQUIPMENT COMPANY, ET AL. | | |

Undisputed Facts ("PSUF") ¶ 1. Stover held himself out to be a legitimate businessman with business opportunities for which he was seeking capital. Id. Unbeknownst to Scully, Stover was, in reality, a person of dubious reputation and questionable character who plaintiffs describe as a "serial fraudster." DSUF ¶ 4; PSUF ¶ 4; Opp'n., at 2.

Throughout 2012 and into early 2013, Scully invested in a number of Stover's business ventures. From on or about March 8, 2012 through on or about June 6, 2012, Scully invested $1.9 million with Stover to use in the operation of a company called Xtreme Iron. DSUF ¶ 6; PSUF ¶ 6. On June 13, 2012, Xtreme Iron filed for Chapter 11 bankruptcy. DSUF ¶ 7; PSUF ¶ 7. Despite Scully's knowledge that Xtreme Iron had filed for bankruptcy, Scully continued to invest in Stover's business ventures. In particular, on December 4, 2012, Scully invested $150,000 in another of Stover's companies, Core Iron. DSUF ¶ 8; PSUF ¶ 8. This money was used (in full or in part) for Stover's personal benefit or for the benefit of Stover's family and associates. Id. In connection with one of Stover's business ventures, Core Iron entered into an agreement to purchase a large quantity of construction equipment from defendant Cashman. Ex. A, Master Purchase Agreement. To this end, from December 2012 through February 2013, Stover solicited an addition $291,000 from Scully to be used as working capital and to support the acquisition of construction equipment from Cashman. DSUF ¶ 9; PSUF ¶ 9. Per the terms of Core Iron's agreement with Cashman, Cashman was to receive a good faith deposit in the amount of $110,000 from Core Iron. Ex. A, Master Purchase Agreement ¶ I(2). The agreement further stated that this deposit would be applied towards the purchase of equipment when the sale closed, but that if the sale did not close the deposit would be forfeited. Id. ¶ I(2)(a). On January 2, 2013, Cashman received a wire transfer in the amount of $110,000 from The Scully Family Trust. DSUF ¶ 13; PSUF ¶ 13. Cashman contends that, by mid-February 2013, Core Iron's account was in arrears forcing Cashman to enter into an "Agreement Moving Forward" with Stover and Core Iron. DSUF ¶ 15; Ex. D, "Agreement Moving Forward." This "Agreement Moving Forward" was memorialized in an email from Cashman to Core Iron and Stover. Ex. D, "Agreement Moving Forward." The agreement provided, in pertinent part, that: (a) Cashman would receive a payment of $136,800 no later than, February 28, 2013; and (b) if Cashman did not receive this payment, it could begin the process of collecting construction equipment it had already provided to Core Iron. Id. Thereafter, on February 27, 2013, Cashman received a second wire transfer in the amount of $136,800 from The Scully Family Trust. DSUF ¶ 16; PSUF ¶ 16.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'   JS-6

| Case No. | 2:15-cv-09990-CAS(FFMx) | Date | August 2, 2016 |
|---|---|---|---|
| Title | STEPHEN A. SCULLY, ET AL. V. CASHMAN EQUIPMENT COMPANY, ET AL. | | |

Following these events, plaintiffs determined that Stover had defrauded them, including by soliciting them to make wire transfers to defendant Cashman. Plaintiffs represent that Stover was recently indicted by a federal grand jury on a number of charges, including but not limited to, wire fraud and engaging in monetary transactions involving criminally derived property. Opp'n., at 3. Plaintiffs' bring the instant lawsuit against defendant Cashman alleging, in brief, that Cashman has unjustly retained the $246,800 it received from plaintiffs without providing any consideration to plaintiffs or to any other party. Cashman now moves for summary judgment contending that the undisputed evidence establishes that it did, in fact, provide consideration in exchange for plaintiffs' payment of $246,800.

## III.  LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the evidence presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-09990-CAS(FFMx) | Date | August 2, 2016 |
| Title | STEPHEN A. SCULLY, ET AL. V. CASHMAN EQUIPMENT COMPANY, ET AL. | | |

inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

## IV. ANALYSIS

### A. Evidentiary Objections

In ruling on Cashman's motion for summary judgment, the Court relies on the following documents: (1) a Master Purchase Agreement between Cashman and Core Iron for the purchase of construction equipment, Mot., Ex. A; (2) an email from Cashman to Core Iron setting forth the "Agreement Moving Forward" between Cashman and Core Iron, Mot. Ex. D; and (3) invoices prepared by Cashman and sent to Core Iron relating to purchased construction equipment, Mot., Ex. E. Plaintiffs object to each of these documents.

First, plaintiffs contend that Cashman has failed to properly authenticate these documents. A party may authenticate evidence through testimony from a witness with knowledge that "an item is what it is claimed to be." Fed. R. Evid. 901(b)(1). Here, Cashman submits the declaration and supplemental declaration of R. Lee Vanderpool ("Vanderpool"). Dkt. 19-6; Dkt. 25 Vanderpool declares that he serves as Cashman's general counsel and that, in this capacity, he has knowledge of Cashman's business dealings, including all documents and communications within Cashman's files on its former customer, Core Iron. Dkt. 25, Vanderpool Supp. Decl. ¶¶ 1, 3-4. Vanderpool represents that he has reviewed the Master Purchase Agreement, the "Agreement Moving Forward" email, and the invoices appended in support of Cashman's motion for summary judgment and that each of these documents is a "true and correct copy" of what it purports to be. Id. ¶¶ 5, 11. This is sufficient to authenticate these documents. See de la Torre v. CashCall, Inc., 56 F. Supp. 3d 1073, 1094 (N.D. Cal. Jul. 30, 2014) (finding general counsel could properly authenticate exhibits relating to business dealings of which general counsel had personal knowledge).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-09990-CAS(FFMx) | Date | August 2, 2016 |
| Title | STEPHEN A. SCULLY, ET AL. V. CASHMAN EQUIPMENT COMPANY, ET AL. | | |

Second, plaintiffs contend that each of these documents contains inadmissible hearsay. With respect to the Master Purchase Agreement and the "Agreement Moving Forward" email, both of these documents constitute "legally operative documents" and are not hearsay. "[O]ut-of-court statements that are offered as evidence of legally operative verbal conduct are not hearsay." United States v. Pang, 362 F.3d 1187, 1192 (9th Cir. 2004). Here, the Court relies upon the Master Purchase Agreement and the "Agreement Moving Forward" email as documents establishing the rights and obligations of Cashman and Core Iron with respect to an agreement to purchase construction equipment. As such, these documents do not constitute hearsay. See also Universal City Studios LLC v. Otis Elevator Co., 2016 WL 2642209, at *2 (C.D. Cal. May 9, 2016) ("[C]ommercial documents with independent legal significance, such as insurance policies and contracts, are legally-operative 'verbal acts' which do not constitute hearsay.") (citing Pang, 362 F.3d at 1192); Venture Corporation Ltd. v. Barrett, 2015 WL 2088999, at *2 (N.D. Cal. May 5, 2015) (letters and emails setting forth "communications relevant to the making of a contract and the existence of contract terms" were "verbal acts rather than hearsay").

With respect to the invoices, these documents fall within the business records exception to the hearsay rule. Pursuant to the business records exception, a document is admissible if its proponent shows: (1) that the record was made at or near the time of the event; (2) that the record was made by or from information transmitted by a person with knowledge; (3) that the record was kept in the course of a regularly conducted activity of a business or organization; and (4) that it was a regular practice of that business or organization to make such a record. Fed. R. Evid. 803(6). Here, Vanderpool states in his declaration that Cashman created and retained these invoices in the regular course of its business, that it was Cashman's regular practice to prepare these invoices, and that these invoices were prepared or recorded by Cashman personnel with knowledge, or based on information transmitted by someone with knowledge, at or near the time of the transactions they describe. Vanderpool Supp. Decl. ¶¶ 12-14. Moreover, courts have routinely found that commercial invoices and other similar documents are admissible under the business records exception. See, e.g., R.C. Fischer and Co. v. Cartwright, 2011 WL 6025659, at *12 (N.D. Cal. Dec. 5, 2011) (commercial invoices admissible under business records exception); Sea-Land Servc., Inc. v. Lozen Int'l, LLC., 285 F.3d 808, 819-20 (th Cir. 2002) (admitting bills of lading as business records under Rule 803(6)); cf. United States v. Bachsian, 4 F.3d 796, 799 & n.2 (th Cir. 1993) (shipping documents,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'   JS-6

| | | | |
|---|---|---|---|
| Case No. | 2:15-cv-09990-CAS(FFMx) | Date | August 2, 2016 |
| Title | STEPHEN A. SCULLY, ET AL. V. CASHMAN EQUIPMENT COMPANY, ET AL. | | |

including commercial invoices, were admissible under the residual exception to the rule against hearsay). Accordingly, the Court finds that these invoices fall within the business records exception to the rule against hearsay.

Plaintiffs' objections to these documents are, therefore, **OVERRULED**. In addition, plaintiffs object to a number of additional documents, upon which the Court has not relied. These objections are **OVERRULED AS MOOT**.

    **B.**     **Plaintiffs' Claim for Unjust Enrichment**

Plaintiffs' first claim is for unjust enrichment. "The elements of unjust enrichment are 'receipt of a benefit and unjust retention of the benefit at the expense of another.' " Cont'l Cas. Co. v. Enodis Corp., 417 Fed. App'x 668, 670 (9th Cir. 2011) (citing Lectrodryer v. SeoulBank, 77 Cal. App. 4th 723, 726 (Cal. Ct. App. 2000)).[1] Here,

---

[1] There is a split of authority between California courts regarding whether a plaintiff may state a standalone claim for unjust enrichment. "One view is that [unjust enrichment] is a general principle underlying various legal doctrines and remedies." Cortez v. New Century Mortg. Corp., 2012 WL 368647, at *9 (N.D. Cal. Feb. 3, 2012). "Another view is that it is a cause of action and its elements are receipt of a benefit and unjust retention of the benefit at the expense of another." AFCM, Inc. v. Elite Global Farming and Logistics, Inc., 2012 WL 1309168 at *6 (N.D. Cal. Apr.16, 2012) (citations omitted). Here, the Court need not decide whether plaintiffs may pursue a standalone claim for unjust enrichment because, for the reasons stated *infra*, the Court finds that, even if unjust enrichment is a cognizable claim under California law, Cashman is still entitled to summary judgment. Alternatively, plaintiffs argue that the Court should construe their unjust enrichment claim as a claim for breach of quasi-contract. Again, even assuming that plaintiffs' had brought a claim for breach of quasi-contract, the Court would still find that Cashman is entitled to summary judgment. In their opposition, plaintiffs state that their purported claim for breach of quasi-contract is based on the same allegations underlying their claim for unjust enrichment—namely, that Cashman has unjustly retained the $246,800 it received from plaintiffs without providing consideration. See also McBride v. Boughton, 123 Cal. App. 4th 379, 389 (Cal. Ct. App. 2004) (" 'Quasi-contract' is simply another way of describing the basis for the equitable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'   JS-6

| Case No. | 2:15-cv-09990-CAS(FFMx) | Date | August 2, 2016 |
|---|---|---|---|
| Title | STEPHEN A. SCULLY, ET AL. V. CASHMAN EQUIPMENT COMPANY, ET AL. | | |

plaintiffs contend that Cashman has received a benefit—the $246,800 plaintiffs delivered to Cashman via wire transfer on January 4, 2013 and February 27, 2013—without providing consideration to plaintiffs or to any other party. Accordingly, plaintiffs argue that, by retaining these funds without providing consideration, Cashman has been unjustly enriched.

      Nonetheless, the Court finds that the undisputed evidence establishes that consideration *was* provided in exchange for plaintiffs' wire transfers. Cashman submits a Master Purchase Agreement detailing an agreement between itself and Core Iron for the purchase of nearly fifty pieces of construction equipment. Mot., Ex. A. This agreement references a good faith deposit of $110,000—the exact amount of plaintiffs' first wire transfer to Cashman on January 4, 2013. Cashman also submits its "Agreement Moving Forward" with Core Iron. Mot., Ex. D. This agreement implies that, by the time the agreement was formed, Cashman had already delivered at least some construction equipment to Core Iron. See id. (discussing Cashman's right to collect construction equipment previously delivered to Core Iron). And the agreement states that Cashman would need to receive a payment of $136,800 by February 28, 2013. Plaintiffs made their second wire transfer to Cashman in this exact amount on February 27, 2013—the day before the deadline set forth in the Agreement Moving Forward. Finally, Cashman submits a series of invoices describing the sale of dozens of pieces of construction equipment between December 2012 and March 2013. Mot., Ex. E. Each of these invoices expressly states that the construction equipment was sold to "Core Iron Equipment, LLC"—i.e., the company operated by plaintiff's business partner, Stover. Viewed collectively, these documents establish that plaintiffs' wire transfers were provided in connection with Core Iron's agreement to purchase construction equipment from Cashman and that in exchange, at least in part, for plaintiffs' wire transfers

---

remedy of restitution when an unjust enrichment has occurred."). Nonetheless, for reasons stated in greater detail *infra*, the Court finds that the undisputed evidence demonstrates that Cashman did provide consideration for the money it received from plaintiffs. Accordingly, regardless of whether plaintiffs' claim is styled as a claim for unjust enrichment or for breach of quasi-contract, Cashman is still entitled to summary judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:15-cv-09990-CAS(FFMx) | Date | August 2, 2016 |
|---|---|---|---|
| Title | STEPHEN A. SCULLY, ET AL. V. CASHMAN EQUIPMENT COMPANY, ET AL. | | |

Cashman sold and delivered construction equipment to Core Iron. Thus, Cashman provided consideration in exchange for plaintiffs' wire transfers.

In their opposition, plaintiffs do not attach any evidence, or even argument, supporting a version of events where Cashman did not provide consideration. Rather, plaintiffs concede that they voluntarily agreed to invest in Stover's business ventures, that one of those business ventures involved Core Iron, and that they provided money to Cashman at Stover's direction and to support Core Iron's operations. Plaintiffs may contend that Core Iron and Stover ultimately failed to remit the benefits of Cashman's construction equipment to plaintiffs. But there is no evidence, and plaintiffs have made no allegations, suggesting that Cashman was in any way involved with Stover's alleged fraudulent activity. Instead, the only evidence submitted by either party suggests that Cashman accepted plaintiffs' wire transfers in good faith and pursuant to a valid agreement for the sale of construction equipment. Accordingly, the undisputed evidence establishes that, in exchange for plaintiffs' wire transfers, Cashman provided consideration in the form of the construction equipment it delivered to Core Iron. Plaintiffs have thus failed to raise even a triable issue of fact with respect to their claim for unjust enrichment. Accordingly, the Court GRANTS Cashman's motion for summary judgment as to this claim.

### C. Plaintiffs' Claim for Violation of the UCL

Plaintiffs' second claim is for violations of the UCL. In this claim, plaintiffs contend that Cashman violated the UCL by unjustly retaining $246,800 of plaintiffs' money without providing consideration. These are the same allegations underlying plaintiffs' claim for unjust enrichment. Accordingly, for the reasons stated *supra* with regard to plaintiffs' claim for unjust enrichment, the Court also GRANTS Cashman's motion for summary judgment as to plaintiffs' UCL claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-09990-CAS(FFMx) | Date | August 2, 2016 |
| Title | STEPHEN A. SCULLY, ET AL. V. CASHMAN EQUIPMENT COMPANY, ET AL. | | |

## V.  CONCLUSION

In accordance with the foregoing, the Court **GRANTS** defendant Cashman's motion for summary judgment.[2]

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |

---

[2] In their papers, plaintiffs make several statements contending that inadequate discovery has occurred in this matter. See, e.g., Opp'n., at 2 ("Defendant has decided to bring a motion for summary judgment at a time when there is a dearth of discovered and well considered evidence"); Dkt. 27-1, Scully Supp. Decl. ¶ 15 ("I have not been able to complete discovery yet in this matter to sufficiently determine what has happened to the $246,800 that I delivered to defendant Cashman Equipment Company as a result of Mr. Stover's fraudulent activities").  Pursuant to Federal Rule of Civil Procedure 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment] the court may" defer consideration of the motion, deny the motion, allow time to obtain affidavits or declarations or take discovery, or provide other appropriate relief.  Fed. R. Civ. P. 56(d)(1)–(3).  Here, plaintiffs do not expressly invoke Rule 56(d); however, even if the Court were to construe plaintiffs' statements as a request for relief under Rule 56(d), the Court would find that plaintiffs have failed to make and adequate showing to justify such relief.  The party requesting relief under Rule 56(d) "must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment"  Tatum v. City & Cty. of S.F., 441 F.3d 1090, 1100 (9th Cir. 2006).  Here, plaintiffs have failed to identify any specific discovery that still needs to be completed or that would preclude summary judgment; rather, they have made only general statements that inadequate discovery has occurred in this matter.  This is insufficient to justify relief under Rule 56(d).  Accordingly, the Court proceeds to rule on Cashman's motion for summary judgment.